UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRIAN KEITH LASSETTER,

Petitioner,

vs.

BRIAN WILLIAMS, *et al.*,

Respondents.

2:07-cv-1728-KJD-PAL

**ORDER**

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by Brian Lassetter, a Nevada prisoner. The action comes before the Court with respect to its merits. The Court will deny the petition.

**I. Facts and Procedural Background**

Petitioner was originally charged, in the Justice Court for Las Vegas Township, with one count of lewdness with a child under the age of fourteen and one count of attempted sexual assault with a minor under the age of fourteen. Exhibit 2.[1] Petitioner waived the preliminary hearing, and entered into a plea agreement to one count of attempted lewdness with a child under the age of fourteen. Exhibits 3 and 5. Petitioner was sentenced to a suspended sentence of forty-eight to

[1]The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents in support of their answer to the amend habeas corpus petition, and are located in the record at docket #9.

one hundred forty-four months in prison, and was given five years of probation. Exhibit 6. A judgment of conviction was filed on November 14, 2005. Exhibit 7. Petitioner did not appeal his conviction.

On December 21, 2005, the district court held a hearing on the state's intent to revoke probation. Exhibit 8. The petitioner had tested positive for illegal substances, however, the trial court reinstated probation, and allowed for the petitioner to go to a drug rehabilitation facility. *Id.* On April 10, 2006, the state court held another hearing on the state's notice of intent to revoke probation. Exhibit 10. At the hearing the judge found that the petitioner had violated probation. *Id.* The court revoked the petitioner's probation and sentenced petitioner to the suspended sentence. *Id.* An amended judgment of conviction and order of revocation was entered on April 11, 2006. Petitioner did not appeal.

Petitioner filed a state habeas corpus petition on October 11, 2006, and a supporting memorandum of points and authorities. Exhibits 14 and 15. After holding an evidentiary hearing on January 26, 2007, the trial court denied the petition. Exhibits 18 and 19. Petitioner appealed, and the Nevada Supreme Court affirmed the lower court's order of denial. Exhibits 22 and 23. Remittitur issued on December 20, 2007. Exhibit 24.

Petitioner mailed a federal habeas corpus petition to this Court on December 19, 2007 (attached at docket #1). An amended habeas corpus petition was received by the Court on March 26, 2008 (docket #3). Respondents have filed an answer to the amended petition (docket #10), and petitioner has filed a traverse (docket #13).

**II. Motion for Discovery and Motion to Compel Record Transcripts**

Petitioner has filed a motion for discovery (docket #11), and a motion to compel record transcripts (docket #12). The Court will deny these motions. Petitioner has not demonstrated an entitlement to discovery of documents or transcripts in this case. Furthermore, respondents have filed all of the necessary documents and transcripts along with their answer to the amended habeas corpus petition (docket #9).

**III. Motion to Reconsider Order Denying Motion for Appointment of Counsel**

On May 1, 2008, the Court denied petitioner's motion for appointment of counsel (docket #6). Petitioner has filed a motion for reconsideration of that order (docket #19).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Under Federal Rule of Civil Procedure 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst*, 260 F.3d at 1044 (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)).

Petitioner has not demonstrated that he is entitled to reversal of this Court's decision under either rule 59(e) or 60(b). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

Petitioner has not demonstrated that he is incapable of presenting his claims in this litigation. The issues in this action do not appear overly complex. The appointment of counsel is not justified in this instance. The motion for reconsideration will be denied.

**IV. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "'if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases'" or "'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent.'" *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694).

A state court decision is an unreasonable application of clearly established Supreme Court precedent "'if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.'"

*Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The unreasonable application clause "requires the state court decision to be more than incorrect or erroneous"; the state court's application of clearly established law must be objectively unreasonable. *Id.* (*quoting Williams*, 529 U.S. at 409). *See also Ramirez v. Castro*, 365 F.3d 755 (9th Cir. 2004).

In determining whether a state court decision is contrary to, or an unreasonable application of, federal law, this Court looks to a state court's last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Plumlee v. Masto*, 512 F.3d 1204, 1209-10 (9th Cir. 2008) (en banc). When a state court has not "explained its reasoning on a particular claim" the federal court conducts "an independent review of the record to determine whether the court's decision was objectively unreasonable." *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006) (citing *Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004)).

Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**V. Discussion**

**A. Ground One**

Petitioner argues in his first ground for relief that trial counsel was ineffective for failing to file a direct appeal after the entry of his plea and sentencing, and after his probation was revoked. Petitioner states that he asked trial counsel to appeal and no appeals were filed.

In order to prove ineffective assistance of counsel, petitioner must show (1) that counsel acted deficiently, in that his attorney made errors so serious that his actions were outside the scope of professionally competent assistance, and (2) the deficient performance prejudiced the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). In the case of a guilty plea a petitioner must demonstrate that "but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Ineffective assistance of counsel under *Strickland* requires a showing of deficient

performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,' . . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The state district court held an evidentiary hearing on this claim. Exhibit 18. Defense trial counsel Eric Rusley testified that he did not remember being asked to file an appeal after petitioner entered into the plea agreement and was sentenced. Exhibit 18, T 5-6. Rusley told the court that had an appeal been requested, he would have reviewed the file, talked to an appellate attorney within the public defender's office, and would have noted that petitioner requested an appeal in the file. *Id.* There was no note in the file indicating that the petitioner requested an appeal. *Id.*

Moreover, Rusley testified that he did not remember petitioner asking for an appeal after his probation was revoked. *Id.* at 7. The attorney's file also did not indicate that the petitioner asked for an appeal. *Id.* Counsel also told the court that he was not aware of any non-frivolous issues that the petitioner could have raised on appeal. *Id.* at 8. The district court found that petitioner was advised of his right to an appeal in the plea agreement, and did not timely request counsel to file a direct appeal. *Id.* at 24; Exhibit 19. On appeal the Nevada Supreme Court found that the district court's determination was supported by substantial evidence and was not clearly wrong. Exhibit 23.

The Nevada Supreme Court's order was not an objectively unreasonable application of federal law, as petitioner did not show any deficiency on the part of counsel pursuant to *Strickland* or *Hill*. Moreover, the factual findings of the state court are presumed correct, and the factual finding that petitioner was informed of his appellate rights and was not deprived of an appeal is

supported by the record. 28 U.S.C. § 2254(e)(1); *Cook v. Schriro*, 516 U.S. 802, 816 (9th Cir. 2008); *Miller-El v. Cockrell*, 537 U.S. 32 (2003). The Court will deny this claim.

**B. Ground Two**

In his second ground for relief petitioner alleges that he plea was involuntarily entered into due to trial counsel's ineffectiveness. Specifically the petitioner contends that trial counsel failed to investigate medical evidence and taped interviews that proved his innocence. Moreover, petitioner states that counsel failed to review evidence before his probation was revoked.

To satisfy the United States Constitution, a guilty plea must be voluntary and intelligent. *See*, *e.g.*, *Hill v. Lockhart*, 474 U.S. 52 (1985); *Boykin v. Alabama*, 395 U.S. 238 (1969). If a petitioner challenges a guilty plea, a court must determine "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

The plea agreement states that the petitioner has discussed the original charges against him with his attorney, and understands the natures of the charges, any possible defenses, or circumstances that might be in his favor. Exhibit 5. Moreover, the plea agreement indicates that accepting the plea bargain is in the petitioner's best interests. *Id.* Petitioner signed the plea agreement. *Id.* On appeal the Nevada Supreme Court stated:

> Appellant failed to demonstrate that his counsel was ineffective. Appellant failed to demonstrate that any medical exam and swab tests were conducted, or that any results from such tests were available before he entered his *Alford* plea. Further, appellant failed to demonstrate that had the tests been conducted and results been available that he would not have entered his plea and would have insisted on proceeding to trial. Therefore, we conclude the district court did not err by denying this claim.

Exhibit 23.

The Nevada Supreme Court's affirmance of the denial of this claim is not objectively unreasonable. Petitioner has not shown that any medical evidence or statements that were available prior to the entry of the plea would have proved his innocence, and if counsel had investigated this evidence, that he would have gone to trial instead of entering his plea. Petitioner signed the plea

agreement, which stated that he was aware of his defenses and any possible evidence or circumstances that were in his favor. Moreover, there is no indication that petitioner's plea was involuntary or unknowing. Petitioner entered a plea to attempted lewdness with a child under the age of fourteen, instead of potentially being convicted of lewdness with a child under the age of fourteen *and* attempted sexual assault with a minor under the age of fourteen. The Court will deny this ground for relief.

**C. Ground Three**

In his third and final ground for relief petitioner asserts that trial counsel was ineffective for failing to obtain all of the state's evidence prior to the entry of his plea and prior to the revocation of his probation. Moreover, petitioner alleges that the state violated his due process rights by withholding *Brady*[2] material.

The state district court denied this claim, and the Nevada Supreme Court affirmed the denial of petitioner's third claim, discussing only whether trial counsel failed to obtain all of the state's evidence prior to the revocation of probation. The court stated:

> Appellant failed to demonstrate that he was prejudiced. Even assuming, without deciding, that appellant's counsel failed to review or provide appellant with the discovery in his probation revocation case, appellant failed to demonstrate that the discovery contained evidence favorable to his defense and his probation would not have been revoked had he been provided the discovery. The record demonstrates that the district court revoked appellant's probation because appellant accessed the internet and contacted the victim, her mother, and siblings in violation of the terms of his probation. At the probation revocation hearing, appellant admitted that he had contacted the victim's mother and her siblings. Further, the state offered proof that appellant had accessed the internet on several occasions and had emailed the victim's family. Therefore, we conclude the district court did not err by denying this claim.
>
> Appellant also claimed that his due process rights were violated because the State failed to provide him with *Brady* material, specifically, documents relating to his probation violation. This claim should have been raised in a direct appeal from appellant's probation revocation, and appellant failed to demonstrate good cause for his failure to do so. Therefore, we conclude the district court did not err by denying this claim.

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

Exhibit 23.

The Nevada Supreme Court's denial of this claim was not an objectively unreasonable application of *Strickland*. First, petitioner has not shown that trial counsel failed to obtain all of the state's discovery prior to the entry of plea. While petitioner may not have seen all of the discovery that counsel had access to, petitioner's plea agreement stated, as was noted above, that he discussed the original charges against him with his attorney, and understands the natures of the charges, any possible defenses, or circumstances that might be in his favor. Exhibit 5. Moreover, petitioner has not shown what other discovery information counsel should have obtained, or how counsel's failure to obtain that information prejudiced the outcome in this case. Petitioner has not demonstrated that he would have gone to trial instead of entering into his plea.

Furthermore, petitioner has not shown that trial counsel was ineffective prior to the revocation of probation. Petitioner has not demonstrated to this court that there was information that counsel failed to obtain, or evidence that could prove he did not revoke his probation. Moreover, petitioner again failed to show that he was prejudiced by counsel's alleged failure. The court and the attorneys discussed the evidence against the petitioner at the revocation of probation hearing. Exhibit 10. The court found that the petitioner had violated his probation. *Id.* The Nevada Supreme Court did not unreasonably apply *Strickland* with respect to this claim.

Finally, the Nevada Supreme Court's affirmance of the denial of the *Brady* claim was not an unreasonable application of federal law. The Nevada Supreme Court found that the claim should have been raised on direct appeal. Exhibit 23. Petitioner's *Brady* claim was procedurally defaulted.

Generally, in order for a federal court to review a habeas corpus claim, the claim must be both exhausted and not procedurally barred. *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). Procedural default refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds rather than denying the claim on the merits. A federal court will not review a claim for habeas corpus relief if the decision of

the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The *Coleman* Court stated the effect of a procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). For the procedural default doctrine to apply, "a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). *See also Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> The burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

The instant claim was procedurally defaulted in the state courts. Petitioner raised this same claim in his state habeas corpus petition, and the Nevada Supreme Court found the claim was waived as it should have been raised on direct appeal. Exhibit 23. The court cited to NRS

34.810(1)(b) in finding the claims to be waived. *Id.*

The Ninth Circuit Court of Appeals has held that, at least in noncapital cases, application of NRS 34.810 is an independent and adequate state ground. *See Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207 (9th Cir. 1999). This Court finds that the Nevada Supreme Court's holding that review of petitioner's *Brady* claim was barred pursuant to NRS 34.810 is an adequate and independent ground. Petitioner has not shown cause for the procedural default, therefore the court will deny this claim.

Had this claim not been procedurally defaulted, the court would still deny the claim. The petitioner has not shown that the state committed a *Brady* violation. In *Brady v. Maryland*, 373 U.S. 83, 87 (1963) the United States Supreme Court found that a state's suppression of evidence, whether intentional or inadvertent, will violate due process when that evidence is favorable or material to the defense. Moreover, the suppression of evidence must have prejudiced the proceeding. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). To determine whether evidence is material a court must decide whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). *See also Jackson v. Brown*, 513 F.3d 1057, 1071 (9th Cir. 2008).

There is no indication that the state failed to disclose any evidence to the petitioner. Moreover, petitioner has not shown that any evidence not turned over by the state was evidence that was in fact favorable to his case. The Nevada Supreme Court did not unreasonably apply United States Supreme Court precedent. The Court will deny this claim.

**VI. Certificate of Appealability**

In order to proceed with an appeal from this court, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.* The Supreme Court has held that a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000).

The Supreme Court further illuminated the standard for issuance of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the court determines that none meet that standard. Accordingly, the Court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the motion for discovery (docket #11), motion to compel record transcripts (docket #12), and motion for reconsideration (docket #19) are **DENIED**.

**IT IS FURTHER ORDERED** that the amended petition for a writ of habeas corpus (docket #3) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

DATED: January 27, 2009.

UNITED STATES DISTRICT JUDGE